# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MORAN,<br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>WAL-MART STORES, INC.,<br>　　　　Defendant. | CV 19-1900 DSF (KSx)<br><br>Order GRANTING Motion for Leave to Amend and DENYING as Premature Motion to Remand Case (Dkt. No. 16) |

Plaintiff seeks leave to amend her complaint to add Marin Angularo,[1] an employee of Defendant Wal-Mart Stores, Inc., as a defendant. The amendment would likely destroy diversity, and Plaintiff additionally seeks remand after amendment.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Ninth Circuit has not enunciated a standard for amendments

---

[1] The parties, for some reason, cannot seem to figure out the proposed defendant's name. Defendant's discovery response lists "Marin Anguiano." Plaintiff's Amendment uses "Marin Angularo" and her motion refers to "Marin Angularo" and "Mario Angularo." Plaintiff's reply uses "Marin Argularo" and "Marin Angularo." Defendant's opposition uses "Martin Anguano," "Marin Anguano," "Marin Anguanao,"and "Marin Anguiano." The Court will simply refer to him/her as "the individual defendant" and to Wal-Mart as "Defendant."

under § 1447(e) other than to note that such amendments are left to the discretion of the trial court.  See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

Defendant's opposition to the addition of the individual defendant is based on (1) "undue delay and prejudice" and (2) "bad faith."

There has been no undue delay and, other than the remand to state court, there is no apparent prejudice to Defendant if the amendment is allowed.  Defendant tacitly acknowledges that the individual defendant was first identified in a February 25, 2019 discovery response.  The case was removed on March 14.  Plaintiff cannot be faulted for failing to move to add the individual defendant in the approximately two weeks between identification and removal.  Defendant also cites Plaintiff's failure to propound discovery between the filing of the case in September 2018 and the first discovery request in January 2019.  This is not an unreasonable delay in the context of modern litigation.

Defendant's "bad faith" argument incorporates two issues: (1) that joinder is sought to destroy federal jurisdiction and (2) that Plaintiff cannot state a claim against the individual defendant. While not exactly "bad faith," it is fairly clear that elimination of diversity jurisdiction is a primary reason for the proposed amendment.  This weighs against allowing the amendment.  The Court does not know if a valid claim can be stated against the individual defendant, but Defendant has provided no reason to think a claim could not be stated.  Defendant merely states "Mr. Anguano was in his course and scope as an employee of Walmart and any claims against him are meritless and a baseless attempt at defeating diversity jurisdiction."  Opp'n at 5.  It is not immediately clear why an individual's liability for his own allegedly negligent acts or omissions would be shielded because he was acting as an employee at the time, and Defendant provides no

authority for the proposition.  The Court declines to make Defendant's argument for it.

Defendant fails completely to respond to Plaintiff's argument that its claims against the individual defendant would be time-barred absent an amendment to add him/her to this case.  This weighs in favor of allowing the amendment.

After considering the arguments of the parties, the Court finds that the relevant factors weigh in favor of allowing an amendment.  Therefore, the motion for leave to amend is GRANTED.  The Superior Court form attached to the motion is not the proper method of amending the complaint.  In any event, the Court had dismissed all fictitiously named defendants before Plaintiff's motion was filed.  <u>See</u> dkt. 13.  Plaintiff may file an amended complaint no later than July 15, 2019.  Plaintiff may then file a renewed motion to remand this action.  The present motion to remand is denied as premature.

IT IS SO ORDERED.


Date: June 26, 2019

Dale S. Fischer
United States District Judge